FORSLUND AND FORSLUND *v.* NEW YORK CENTRAL SYSTEM.

[No. 560A88. Filed December 1, 1969. Rehearing denied January 5, 1970. No petition for transfer filed.]

*Young & Vandivier,* of Franklin, and *Paul T. Rochford,* of Indianapolis, for appellants.

*McNutt, Hurt & Blue,* of Indianapolis, for appellee.

PFAFF, C.J.—Appellants filed separate actions in the court below and these actions were consolidated on appeal pursuant

to Rule 2-7, Rules of the Supreme Court of Indiana. Appellants by these actions sought to recover for personal injuries and property damages growing out of a collision between an automobile and a train, which collision occurred in Grand Rapids, Michigan, on September 10, 1955. It is alleged that the train was leased by appellee, New York Central System, from the Michigan Central Railroad.

The actions were filed more than two years after the collision. Appellee answered affirmatively that the actions are barred by the two-year statute of limitations. Appellants then filed replies on the ground that appellee was a non-resident of the State of Indiana between the time the causes of action accrued and the dates when the actions were commenced. Appellee, in each case, filed a motion for summary judgment. Said motions were granted in 1968 and judgments were rendered against appellants and in favor of appellee.

The law of Indiana upon which appellants rely in this action is Acts 1881 (Spec. Sess.), ch. 38, § 43, p. 240; 1959, ch. 189, § 1, p. 443, Burns' Ind. Stat. Anno., § 2-606 (1967 Repl.). Prior to the 1959 amendment, said section provided in pertinent part as follows:

> "The time during which the defendant is a non-resident of the state * * * shall not be computed in any of the periods of limitation; * * *."

The only question presented in this appeal is whether, during the times pertinent, appellee was a non-resident of the state within the meaning of this section of the statute.

It appears from the record in this case that The New York Central Railroad Company came into existence in 1853 when ten New York railroad corporations consolidated under that name pursuant to a New York statute. In 1869 there was another consolidation with a New York railroad, and the name of the consolidated corporation became The New York Central & Hudson River Railroad Company. In 1914 there again was a consolidation involving ten other railroad com-

panies of various states under the name of The New York Central Railroad Company. Among these railroads were railroad corporations of New York, Pennsylvania, Ohio, Indiana, Michigan and Illinois. The consolidation agreement was filed in the office of the Secretary of State of Indiana who issued a Certificate of Consolidation pursuant to 1853 statutes which are still in effect. The railroad consolidation statutes appear as Burns' Ind. Stat. Anno., § 55-2401, *et seq.* (1951 Repl.).

Appellants contend that one corporation cannot be a single corporation of all six states. They further contend that appellee is a domestic Indiana corporation because of its relation to the two Indiana companies involved in the 1914 consolidation, but was operating the leased railroad facilities in Michigan as a foreign corporation in a Michigan corporate capacity. Appellants, in other words, contend that appellee is a foreign corporation and a non-resident of Indiana insofar as its activities in Michigan are concerned, and is a domestic resident corporation of Indiana insofar as it was created by and exists under Indiana law.

Our Supreme Court stated in *Smith* v. *Cleveland, etc. R. Co.* (1908), 170 Ind. 382, 394, 81 N. E. 501, as follows:

> "The consolidation of two or more corporations pursuant to the laws of different states results in the formation of one corporation, which is regarded as a domestic corporation in each of the states whose laws are followed in effecting such consolidation."

In *Pittsburgh, Cincinnati, Chicago and St. Louis Ry. Co.* v. *Harden et al.* (1894), 137 Ind. 486, 492, 37 N. E. 324, the Supreme Court discussed a railroad company formed by the consolidation of a Michigan corporation and an Indiana corporation. It was stated:

> "Besides, the consolidated company has, in this State, all the rights held by the Indiana company, of which it is in part formed by consolidation. In addition, it has frequently been decided that a railroad company which is one corporation, having one management and one board of directors, has a

domicile in each State in which the road is situated; and, in relation to any State, is a separate corporation, governed by the laws of that State as to the property situated therein. The consolidated company was thus, in reality, a railroad company, duly organized under the laws of this State; * * *."

While we have found no Indiana authority on the point, according to a majority of the authorities elsewhere, the statute of limitations, despite the saving clause, is available to a foreign corporation which has placed itself in such a position within the state so as to be subject to personal service of process. 20 C.J.S., *Corporations*, § 1934, p. 198; 36 Am. Jur. 2d, *Foreign Corporations*, § 72, p. 87. As stated in 36 Am. Jur. 2d, *Foreign Corporations*, § 73, p. 89:

"The courts adopting this rule deny that a foreign corporation which is amenable to personal service of process within the state may properly be regarded as 'absent,' 'nonresident,' 'out of the state,' or 'without the state,' within the meaning of provisions suspending the operation of limitations in favor of such absentees."

Also, in 36 Am. Jur. 2d, *Foreign Corporations*, § 597, p. 593, it is stated:

"* * * and it may be stated generally that a multi-state corporation, formed by simultaneous or successive incorporations in several states is, for purposes of suits by and against it, and with respect to the jurisdiction of the courts in such cases, ordinarily in the position of a domestic corporation or a citizen of each of such states. It can only be brought into court as a citizen of the state where it is sued, whatever its status or citizenship may be elsewhere. Whether sued in one of the jurisdictions or another, it cannot raise the question as to its residence or claim that it is nonresident."

Such multistate corporations, where the question of diversity of citizenship for the purpose of Federal court jurisdiction has been involved, are "citizens" of each of the states of their incorporation. *Williams* v. *New York Central Railroad Company*, 125 F. Supp. 842, (N.D. Ind. 1954); *Starke* v. *New*

*York, Chicago & St. Louis R. Co.*, 180 F. 2d 569, (C.C.A. 7th, 1950).

The Restatement of Conflict of Laws, at § 207 b, p. 292, states as follows:

"In actions against a domestic corporation, the fact that the association is also incorporated in another state, does not make inapplicable the rules of procedure pertaining to domestic corporations."

In the case at bar, the appellee corporation was, at all times pertinent herein, a domestic corporation of this state. It had a "domicile" or "residence" in this state. Process could have been served upon it in the same maner as it is served on any other domestic corporation of this state. While multistate consolidated corporations have attributes which are peculiar to them, in our opinion they should not be considered non-residents within the meaning of a savings clause in a statute of limitations.

The court below did not commit error, and the judgment herein is affirmed.

Judgment affirmed. Costs are to be taxed against appellants.

Hoffman, Sharp and White, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 502.