503 F.Supp. 194 (1980)
In re NORTHERN DISTRICT OF CALIFORNIA "DALKON SHIELD" IUD PRODUCTS LIABILITY LITIGATION.
Gail SIDNEY-VINSTEIN, Plaintiff,
v.
A. H. ROBINS COMPANY, a corporation, Hugh J. Davis, Irwin S. Lerner, Pee Wee Molding Corporation, Defendants.
No. C-80-2213 SW.
United States District Court, N. D. California.
December 10, 1980.
*195 Conklin, Davids & Friedman, San Francisco, Cal., for plaintiff.
Thomas W. Kemp, Peter E. Sibley, Barbara L. Gately, Washburn, Kemp & Wagenseil, San Francisco, Cal., for defendant Pee Wee Molding Corp.
Sedgwick, Detert, Moran & Arnold, Kevin J. Dunne, San Francisco, Cal., for defendants Hugh J. Davis, M. D., and Irwin S. Lerner.
Robert C. Gebhardt, Bronson, Bronson & McKinnon, Thomas W. Kemp, Barbara L. Gately, Washburn, Kemp & Wagenseil, San Francisco, Cal., for defendant A. H. Robins Co.

*196 OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
SPENCER WILLIAMS, District Judge.
Plaintiff Gail Sidney-Vinstein brought this action alleging that in March of 1973 she was injured by a defective contraceptive device manufactured by defendant A. H. Robins Company and invented by defendants Hugh Davis and Irwin Lerner. In a complaint filed on November 26, 1979, Ms. Sidney-Vinstein predicated her right to recover against defendants on theories of negligence, strict products liability, breach of express warranty, civil conspiracy and fraud.
This case recently came before the court on defendants' motion for summary judgment. The question presented is whether this complaint, filed more than six years after plaintiff sustained her injuries, is barred by the applicable one-year statute of limitations. After careful consideration of the briefs and arguments of counsel, the pleadings, affidavits and other evidence in the record, the court issued an oral order granting the motion. The following constitutes the court's reasons for so ruling, and its written order thereon.

FACTUAL BACKGROUND
Plaintiff Sidney-Vinstein was inserted with an intrauterine contraceptive device called the Dalkon Shield in July, 1972. Thereafter, on February 13, 1973, the plaintiff learned she had become pregnant while the Dalkon Shield was still in place. Based on the advice of her treating physician, Dr. Loren Peterson, she underwent a therapeutic abortion on March 9, 1973.
Shortly after the abortion, plaintiff experienced extreme abdominal cramps and fever and was admitted to the hospital. During plaintiff's hospitalization, it was discovered that her uterus was completely infected and a total abdominal hysterectomy was advised and performed. At the time of the surgery, the Dalkon Shield, which was embedded in the plaintiff's uterus, was removed.
On March 13, 1973, immediately following the surgery, Dr. Peterson advised the plaintiff that the Dalkon Shield had perforated her uterus. Ms. Sidney-Vinstein was fully apprised of the fact that the lodging of the device in her uterine wall was the sole cause of her infection and consequent hysterectomy.
In her deposition, Ms. Sidney-Vinstein testified that at the time she was informed of the cause of her injuries, she was fully cognizant of the fact that the device had not done what it was designed to do, and that if it had performed as expected it would not have perforated her uterus.[1]
Following the surgery, the plaintiff has sustained no additional injuries, and has, by her own admission, learned nothing further regarding the cause of her infection. Plaintiff contends, rather, that she did not "discover" the basis of her cause of action until early 1979 when a friend informed her that the Dalkon Shield had been taken off the market.

LEGAL STANDARDS
Jurisdiction as to all claims in this action is based upon diversity of citizenship and therefore this court is bound by the law of California, the state in which this court sits.[2] California law provides a one-year statute of limitations in actions "for injury to or for the death of one caused by the *197 wrongful act or neglect of another...."[3] Apparently, the parties do not dispute the applicability of the one-year limitations period to plaintiff's other claims based on products liability,[4] breach of warranty,[5] civil conspiracy,[6] and fraud.[7]
In California, the general rule is that the statute of limitations governing personal injury claims commences when the wrongful act takes place.[8] However, this state's case law has developed two relevant exceptions to this rule.
First, in cases involving "pathological effects occuring without perceptible trauma," the time period is tolled until the person knows, or by the exercise of reasonable diligence, should have discovered the cause of the injury.[9] Second, the statutory period does not commence when the plaintiff is able to show that the defendant fraudulently concealed facts which would have led him to discover his potential cause of action.[10]

DISCUSSION
Defendants maintain that the plaintiff's physician's advice, coupled with plaintiff's testimony that she knew as early as March, 1973 that perforation was an abnormal event in the course of using an intrauterine device, constituted a degree of knowledge sufficient to commence the running of the statutory period. This court agrees.
Plaintiff's contentions in opposition to defendants' motion fall into two categories. First, plaintiff argued that she did not discover the allegedly defective character of the device until 1979, at which time a friend advised her that the Dalkon Shield had been taken off the market because it had been proven faulty and ineffective. Accordingly, plaintiff contended that the "discovery rule" tolled the running of the statute.
The judicially created discovery rule was never intended to be, nor has it been construed so as to require that a plaintiff be advised as to all the elements of a cause of action before the statutory period will commence to run. Rather, absent the existence of a fiduciary obligation on the part of the defendant, a plaintiff is under an affirmative duty to exercise diligence in discovering the facts relating to her cause of action. Once a plaintiff has knowledge of information which would place a reasonable person on notice as to the possible origin of the alleged injury, the statutory period will be deemed to have commenced.
In Gray v. Reeves, 76 Cal.App.3d 567, 573, 142 Cal.Rptr. 716 (1978), the California court faced a remarkably similar factual setting. In that action, the plaintiff brought an action against a physician and a pharmaceutical company for injuries allegedly caused by the negligent sale and prescription of a defective drug. In January, 1971, plaintiff Gray visited his doctor after spending several months on crutches with a hip problem. Gray's doctor diagnosed his condition as aseptic necrosis and informed him that it was probably caused by a drug which had been prescribed for him over the prior three years.
In August, 1973, Gray filed his complaint. On defendants' motion for summary judgment, the court held that the complaint was barred by the one-year statute of limitations. The court reasoned that Gray was informed in 1971 that the drug was probably the cause of his injuries, and that this was sufficient to put him on inquiry as to *198 the instance of negligence on the part of the doctor and drug company. The court held that the defendants' negligence was a "matter constructively within Gray's knowledge and he is chargeable with knowledge of that fact."[11]
The plaintiff in the present case is similarly chargeable with knowledge of the causal connection between her injuries and the Dalkon Shield. Plaintiff's deposition testimony established that she was explicitly advised by her treating physician that the intrauterine device had perforated her uterus and caused the injuries for which she now seeks compensation. Additionally, Ms. Sidney-Vinstein testified that at that time in March, 1973 she realized that the device had not performed as expected. Therefore, even if it could be said that this injury was one involving "imperceptible trauma," here the plaintiff was provided with sufficient information to discover the basis of a potential cause of action against the defendants.
Second, the plaintiff contends that the complaint's allegations of fraudulent conduct on the part of the defendant tolled the limitation period under the doctrine of fraudulent concealment. The rationale underlying the tolling provisions of the fraudulent concealment doctrine is illustrated by the facts of Pashley v. Pacific Electric Ry. Co., 25 Cal.2d 226, 153 P.2d 325 (1944). In that case, plaintiff suffered an injury from splinters which pierced one of his eyeballs by reason of defendant's negligence. Defendant thereafter directed plaintiff to an eye specialist who removed the splinters and assured the plaintiff that his eye would return to normal condition. Although defendant's physician knew that the injury would eventually cause complete destruction of his eyesight, he directed plaintiff not to go to any other physician or defendant would not be responsible.
Approximately twelve years later, plaintiff's vision began to blur at which time an independent physician advised him that the original injury had severed the tissues of the eyeball and he would be totally blind in that eye. Accordingly, the fraudulent concealment upon which plaintiff relied in Pashley was based upon defendant's active fraud in concealing plaintiff's cause of action after the injury occurred rather than any purported fraud giving rise to the alleged injury itself.[12]
In contrast, plaintiff in this action cannot produce any evidence of conduct on defendant's part designed to conceal facts in an effort to hinder plaintiff from prosecuting her claim. Rather, plaintiff relied on her complaint's allegations that defendant fraudulently induced her to use the Dalkon Shield long before her injuries were sustained. This is simply not a case in which a wrongdoer concealed material facts or made false representations which lulled the plaintiff into inaction during the period when she could have brought this lawsuit.[13]

CONCLUSION
An order of summary judgment is proper where the affidavits in support of the motion provide sufficient evidence to support a finding that the action is barred by the applicable statute of limitations.[14] In this case, plaintiff's sworn testimony reveals that she had full knowledge of her injuries and was advised by her treating physician in March, 1973 that the Dalkon Shield caused her injuries.
Plaintiff having failed to introduce competent evidence whereby the one-year statute of limitations governing this action would be tolled, no genuine issue of material fact exists and it is therefore ordered that summary judgment in favor of defendants be, and the same hereby is, granted.
NOTES
[1] Plaintiff's deposition taken on June 5, 1980 reads as follows on page 36:

Q: (Mr. Sibley) You knew that the I.U.D. hadn't done what it was designed to do, and that is preventing pregnancy, right?
A: (Ms. Sidney-Vinstein) Right.
Q: You knew from what Dr. Peterson told you that the I.U.D. had perforated your uterus, right?
A: Yes.
Q: You knew from what Dr. Peterson told you that that perforated uterus had caused the infection, right?
A: I-Yeah.
Q: And you knew that perforating uteruses was not something that I.U.D.'s were supposed to do, right?
A: Yeah.
[2] Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
[3] Cal.Civ.Proc. § 340(3).
[4] G. D. Searle & Co. v. Superior Court, 49 Cal.App.3d 22, 25, 122 Cal.Rptr. 218 (1975).
[5] Becker v. Volkswagen of America, 52 Cal. App.3d 794, 802, 125 Cal.Rptr. 326 (1975).
[6] Bedolla v. Logan & Frazer, 52 Cal.App.3d 118, 136, 125 Cal.Rptr. 59 (1975).
[7] Tell v. Taylor, 191 Cal.App.2d 266, 271, 12 Cal.Rptr. 648 (1961).
[8] Saliter v. Pierce Bros. Mortuary, 81 Cal. App.3d 292, 296, 146 Cal.Rptr. 271 (1978).
[9] Warrington v. Charles Pfizer & Co., 274 Cal. App.2d 564, 569-70, 80 Cal.Rptr. 130 (1969).
[10] Pashley v. Pacific Elec. Ry. Co., 25 Cal.2d 226, 153 P.2d 325 (1944).
[11] Gray v. Reeves, 76 Cal.App.3d at 577, 142 Cal.Rptr. 716.
[12] Pashley v. Pacific Elec. Ry. Co., 25 Cal.2d 226, 231, 153 P.2d 325 (1944).
[13] See, e. g. Baker v. Beech Aircraft Corp., 39 Cal.App.3d 315, 321-25, 114 Cal.Rptr. 171 (1974).
[14] Fed.R.Civ.P. 56; See Von Brimer v. Whirlpool Corp., 536 F.2d 838, 848 (9th Cir. 1976).