Sharron **NEUHAUSER**, Plaintiff,

v.

**A.H. ROBINS COMPANY, INC.,**
Defendant.

No. NA 81–169–C.

United States District Court,
S.D. Indiana,
New Albany Division.

June 13, 1983.

Ronald D. Harris, Jeffersonville, Ind., for plaintiff.

Mary Nold Larimore, Indianapolis, Ind., for defendant.

## MEMORANDUM OF DECISION

DILLIN, Chief Judge.

This case is before the Court on the motion for summary judgment of the defendant, A.H. Robins Company. For the reasons stated below, the motion is granted.

### Background

The plaintiff, Sharron Neuhauser, complains of injuries allegedly caused by an intrauterine contraceptive device called the Dalkon Shield, which is manufactured and distributed by the defendant. The plaintiff was fitted with a Dalkon Shield in 1972, but became pregnant with the device still in place in January 1974. In June she suffered a miscarriage, at which time the Dalkon Shield was removed. It was not reinserted.

In October 1974 the plaintiff again became pregnant. As part of her prenatal care, Pap smears were administered in January and May of 1975. They revealed the existence of abnormal cells, later diagnosed as carcinoma of the cervix. In July the plaintiff gave birth to a baby girl.

In August 1975 a Pap smear and biopsy confirmed the existence of cancer. In November the plaintiff underwent surgery which included a hysterectomy. From that time until June 1978 she continued to have gynecological problems; in June 1978 she underwent further surgery, during which her fallopian tubes and ovaries were removed.

The plaintiff filed suit on October 6, 1981 under both negligence and strict liability theories, correctly alleging diversity of citizenship as the basis for federal jurisdiction. The defendant has moved for summary judgment on the ground that the plaintiff's claim is barred by the statute of limitations.

### Discussion

The applicable statute of limitations in this case is Ind.Code § 34-1-2-2, which reads in pertinent part:

> The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.
>
> First. For injuries to person or character, for injuries to personal property, and for forfeiture of penalty given by statute, within two [2] years. . . .

The time period of two years being clearly established, it remains only to determine when the plaintiff's cause of action accrued.

In Indiana a cause of action accrues at the time when both legal injury and damage have occurred, resulting in liability. *E.g., Scates v. State,* 178 Ind. App. 624, 383 N.E.2d 491 (1978); *Merritt v. Economy Department Store,* 125 Ind.App. 560, 128 N.E.2d 279 (1955). In this case that time is June 1974, when the plaintiff's pregnancy, which began while the Dalkon Shield was in place, was aborted. The record indicates that the plaintiff's gynecologist-obstetrician informed her when she became pregnant in January that the presence of the Dalkon Shield could cause problems—that if it were removed immediately it could precipitate a miscarriage, but if left in, the Shield could adversely affect the pregnancy in any event. Those fears were realized when the plaintiff suffered her miscarriage in June. Under Indiana's two year statute of limitations, the time within which to file suit expired in June 1976.

Even if one adopts a continuing wrong theory, the plaintiff's cause of action must be said to have accrued no later than June

1978, when her last gynecological surgery was performed. Under this approach the time to file suit expired in June 1980, well before the plaintiff's filing in October 1981.

The plaintiff contends that her cause of action did not accrue until she discovered the causal connection between her injury and the Dalkon Shield. This allegedly occurred in April 1981, when she was informed of a report on the television program "60 Minutes" describing the dangers of the Dalkon Shield. If this approach is followed, the plaintiff's October 1981 filing is, of course, timely.

Indiana courts have not ruled directly on whether a "discovery" rule, under which a cause of action does not accrue until a plaintiff discovers or reasonably should discover the connection between his injury and the defendant's action, applies in a medical products liability case such as this. There is some indication that it would: such a rule was applied in *Toth v. Lenk*, 164 Ind.App. 618, 330 N.E.2d 336 (1975), a medical malpractice case (albeit under a different statute of limitations), and the Indiana Supreme Court has stated in dicta that the discovery rule may be appropriate where "the plaintiff was the client or the patient" of the defendant, *Shideler v. Dwyer*, 417 N.E.2d 281, 291 (Ind.1981). In addition, an earlier decision of this court held, without extensive explanation, that a plaintiff's cause of action against a drug manufacturer accrued when she discovered her injury, not when she learned her injuries were permanent. *Withers v. Sterling Drug, Inc.*, 319 F.Supp. 878, 881 (S.D.Ind. 1970). This Court need not decide whether the discovery rule applies in this case, however. Even if it does, the plaintiff's claim is untimely.

The record establishes that the plaintiff knew as early as 1974 that the Dalkon Shield probably caused her miscarriage. Even were that not the case, it is reasonable to suppose that some causal connection between the plaintiff's injury and the Shield should have been discovered by November 1975 or June 1978, when she underwent serious surgery, especially when one

considers her occupation as a medical laboratory technician. The latest possible date the plaintiff's claim would have been timely is June 1980. The plaintiff's October 1981 filing is obviously too late and must be considered barred by Indiana's statute of limitations.

Finally, the plaintiff's arguments that the defendant fraudulently concealed her cause of action and that the defendant should be equitably estopped from raising the defense of the statute of limitations are unconvincing. First, the allegations of concealment made by the plaintiff involve representations made at the time she was fitted with the Dalkon Shield. They thus have more to do with fraudulent inducement than with concealment of an already existing cause of action. *See* Ind.Code § 34–1–2–9; *see also Dean v. A.H. Robins Co.*, No. IP 80–70–C (S.D.Ind. Feb. 20, 1981); *Nelson v. A.H. Robins Co.*, 515 F.Supp. 623 (N.D.Cal.1981). Second, the plaintiff has utterly failed to produce any facts which support her contention that the defendant was guilty of concealment of a cause of action, misrepresentation, or other wrongdoing which would warrant estopping it from raising the statute of limitations. She has thus failed to meet the standard of Rule 56(e), F.R.Civ.P., which requires that the party opposing summary judgment "set forth specific facts showing that there is a genuine issue for trial."

For the foregoing reasons, the defendant's motion for summary judgment is granted.