**Kathleen M. HANSEN,
Plaintiff-Appellant,**

v.

**A.H. ROBINS CO., INC.,
Defendant-Appellee.**

No. 82–1986.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 6, 1982.

Decided Sept. 2, 1983.

J. Michael Egan, Eckman, Strandness & Egan, P.S., Minneapolis, Minn., for plaintiff-appellant.

Edmund W. Powell, Borgelt, Powell, Peterson & Frauen, S.C., Milwaukee, Wis., for defendant-appellee.

Before CUMMINGS, Chief Judge, PELL, Circuit Judge, and HOFFMAN, Senior District Judge.[*]

PER CURIAM.

Plaintiff commenced this action on June 24, 1981, against A.H. Robins Co. (Robins), for compensatory and punitive damages for personal injuries arising out of her use of the "Dalkon Shield", an intrauterine device[1] manufactured by Robins. On May 12, 1982, the District Court entered summary judgment in Robins' favor finding that plaintiff's claims were barred by the Wisconsin three-year statute of limitations for

personal injury actions.[2] Plaintiff appeals the grant of summary judgment.

The plaintiff, Kathleen M. Hansen, had a Dalkon Shield inserted in her uterus on May 28, 1974, by Dr. Robert Fabiny. In late May, 1978, she began experiencing problems, such as bleeding between menstrual periods (spotting), nausea, inability to digest food comfortably, diarrhea, nervousness, cramping and abdominal pains, and occasional fever. On June 13, 1978, plaintiff saw Dr. Patrick Macken about her condition. On June 26, 1978, plaintiff was seen by Dr. Fabiny, who concluded that she probably had pelvic inflammatory disease (P.I.D.).[3] Plaintiff recovered from the P.I.D. infection, but the disease left her fallopian tubes blocked, rendering her incapable of bearing children.

On June 24, 1981, plaintiff commenced this diversity action against Robins, alleging that the unique and defective design of the Dalkon Shield tailstring caused her P.I.D., because it allowed bacteria to invade her uterus. Robins raised the Wisconsin three-year statute of limitations for personal injury actions as a bar to plaintiff's claims and moved for summary judgment.

Unfortunately, when the District Court ruled on the summary judgment motion there were no Supreme Court of Wisconsin decisions that directly addressed when the statute of limitations begins to run in a disease situation. Extrapolating from a series of decisions of the Supreme Court of Wisconsin which did not deal specifically with the disease situation, the District Court concluded that under Wisconsin law

---

[*] Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

[1] An intrauterine device (I.U.D.) is a contraceptive device that fits within the uterus. The body of the I.U.D. is made of plastic and is designed to conform to the shape of the uterine cavity. Attached to the body of the I.U.D. is a "tail" that extends from the device in the uterus through the cervical canal and into the vagina.

[2] The Wisconsin statute of limitations for personal injury provides:
The following actions must be commenced within the period respectively hereinafter

prescribed after the cause of action has accrued...
Within 3 years:
(1) An action to recover damages for injuries to the person for such injuries sustained...
Wis.Stat. §§ 893.14, .205 (1977). Effective July 1, 1980, section 893.14 was renumbered 893.04, and section 893.205 was renumbered 893.54.

[3] P.I.D. is caused by the presence of bacteria in the uterus. When Dr. Macken saw plaintiff on June 13, he thought that it was unlikely that P.I.D. was the cause of plaintiff's illness. Dr. Fabiny, after diagnosing plaintiff as having P.I.D., concluded that the infection probably began in late May, 1978.

the cause of action accrues, and the statute of limitations begins to run, at the time of injury. On May 12, 1982, the District Court granted summary judgment in Robins' favor finding that the statute of limitations barred the action. The court determined that plaintiff's injury "occurred sometime prior to June 13, 1978" and thus, "the cause of action accrued prior to June 13, 1978."

Subsequent to the District Court decision in this case, this court decided *Neubauer v. Owens-Corning Fiberglas Corp.,* 686 F.2d 570 (7th Cir.1982). *Neubauer* involved the question of when a cause of action for asbestos-caused injuries accrues, and when the statute of limitations begins to run under the Wisconsin statute of limitations for personal injury actions. This Court held, *inter alia,* that in progressive disease cases "the cause of action accrues when the ... disease becomes diagnosable—*e.g.,* provable by medical evidence in court—a standard that ordinarily is independent of what occurrences might attract the plaintiff's attention." 686 F.2d at 577.

When this court rendered its decision in *Neubauer,* we found no controlling decisions of the Wisconsin courts. However, Wisconsin recently adopted a certification procedure whereby an unsettled question of state law may be decided by the Supreme Court of Wisconsin upon request of the United States Supreme Court, the United States Court of Appeals, or the highest appellate court of another state.[4] Since the present case poses a statute of limitations question analogous to that in *Neubauer,* we chose to resort to the certification procedure so that the Supreme Court of Wisconsin may make a finding determinative of this issue. The question presented was:

> When does the cause of action accrue within the meaning of the Wisconsin statute of limitations for personal injury actions Wis.Stat. §§ 893.04, .54, when the injury to the plaintiff was caused by a disease which may have been contracted

as a result of protracted exposure to a foreign substance?

In response to this inquiry the Supreme Court of Wisconsin held, *inter alia,* that henceforth the "discovery rule" is to be applied. Under this rule, "tort claims shall accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first."[5] The court went further, applying the discovery rule to the facts of the present case, it concluded that Hansen acted diligently, and thus her claim accrued when the injury was discovered on June 26, 1978.[6] "Therefore, her complaint, filed on June 24, 1981, was timely."[7]

Because of this holding, the order of the District Court granting defendant's summary judgment is VACATED, and the case is REMANDED for further proceedings consistent with the decision of the Supreme Court of Wisconsin.

---

**4.** Uniform Certification of Questions of Law Rule, Chapter 821, Stats., 107 Wis.2d xiii (1982), effective January 1, 1983.

**5.** *Hansen v. A.H. Robins Company, Inc.,* 113 Wis.2d 550, 335 N.W.2d 578 (1983).

