Frank **CWIAKALA**, Plaintiff,

v.

**ECONOMY AUTOS, LTD.**, John White, Sr., Defendants.

No. S 83–303.

United States District Court,
N.D. Indiana,
South Bend Division.

June 7, 1984.

Scott H. Duerring, Chapala & Herrbach, Michigan City, Ind., for plaintiff.

Lee W. Dabagia, Michigan City, Ind., for defendants.

## MEMORANDUM and ORDER

ALLEN SHARP, Chief Judge.

This case was originally filed on July 11, 1983 and is presently before the Court on the motion for summary judgment of defendants, Economy Autos, Ltd. and John C. White, Sr. For reasons set forth below, summary judgment as to plaintiff, Frank Cwiakala's federal claim against John C. White, Sr. is granted in favor of defendant White and the remaining state law pendent claims are dismissed without prejudice. The motion for summary judgment as to defendant, Economy Autos, Ltd., is denied on all counts.

### I.

On January 17, 1980, plaintiff purchased a used Volkswagen Rabbit automobile from defendant, Economy Autos, Ltd. [Economy Autos], in Michigan City, Indiana. At the time of the sale, Economy Autos transferred an odometer statement purportedly executed by Crown Motors certifying that the vehicle had 25,700 miles. At that time, Economy Autos also transferred a written odometer disclosure statement executed by defendant, John C. White as seller, transferor, which certified the car to have no more than 24,745 miles. Thereafter, between January 17, 1980 and April 7, 1980, the motor blew up and the brake lining and wheel bearings had to be replaced. As a result of such incidents, plaintiff discussed facts indicating that the mileage reading was inaccurate. Upon learning that the mileage statement executed by Economy Autos could be in error, plaintiff contacted an attorney, Mr. Vitold Reey.

Mr. Reey wrote to Economy Autos on April 7, 1980 and informed the management of the actual mileage on the car and requested that they refund the purchase price of the vehicle. In a response to this letter dated April 17, 1980, Economy Autos' attorney, Mr. Lee Dabagia, stated that his client was a middle party who relied on the odometer statement executed by Crown Motors and would not refund any monies unless reimbursed by Crown Motors and that since Economy Autos relied on the odometer statement from Crown Motors, they were blameless of any fault, fraud or misrepresentation.

In reliance on Economy Autos' response and presentation of the odometer disclosure statement purportedly executed by Crown Motors, plaintiff and Mr. Reey determined that it was necessary to confront and investigate Crown Motors. In their investigation, it was discovered that Crown Motors was not in business and that the address on the odometer statement alleged to be the location of Crown Motors did not exist. To assist in the investigation of this claim, the United States Department of Transportation, Odometer Enforcement Division, was notified and it began a separate investigation which failed to locate Crown Motors or its principal[s]. Such investigation terminated on March 10, 1981.

All efforts to locate Crown Motors were unsuccessful and Mr. Reey informed plaintiff that he could proceed no further without first finding Crown Motors. In February of 1982, plaintiff retained Mr. Gregory Hofer whose offices were located in Michigan City, Indiana. Mr. Hofer contacted Economy Autos and again was given the same response that Mr. Reey had received. In reliance upon such response, Mr. Hofer initiated steps to locate Crown Motors, consisting of, but not limited to, inquiry with the Lake County Recorder's Office for any records on Crown Motors, contacting the

United States Department of Transportation, and personally trying to locate the supposed address of Crown Motors that was on the odometer statement allegedly executed by Crown Motors. Mr. Hofer's investigations failed to locate Crown Motors.

On July 1, 1982, plaintiff filed a complaint with the Consumer Protection Division of the Attorney General's Office for the State of Indiana. The complaint was directed against Economy Autos for misrepresentating the odometer reading. The Consumer Protection Division, through its investigator, Mr. Scott James, sent out a standard letter to Economy Autos, informing them of plaintiff's complaint. On July 28, 1982, Mr. Jones received a response from Economy Autos' attorney, Mr. Dabagia. This response consisted of the same allegations stated to both of plaintiff's attorneys, in that Economy Autos relied on the odometer statement from Crown Motors and as such was not liable for any misrepresentation. As a result of this response, the investigation again turned to locating Crown Motors. Such investigation lasted from July 1982 to May 25, 1983 when Crown Motors and its principal, Stanton Ray Riley, were located.

Based on information resulting from such investigation, suit was filed in this court under the Motor Vehicle Information and Cost Saving Act, 15 U.S.C. § 1901, et seq., and several state law claims. Specifically, plaintiff set out his claims for relief in five counts on the following grounds:

Count 1: Violation of 15 U.S.C. § 1988, that section of the Motor Vehicle Information and Cost Saving Act dealing with odometer requirements;

Count 2: Violation of IND.CODE 24-5-0.5-1 et seq., the Indiana Deceptive Consumer Sales Act;

Count 3: Breach of express warranty under IND.CODE 26-1-2-313;

Count 4: Common law fraud; and

Count 5: Fraudulent concealment.

Defendants filed their motion for summary judgment on September 9, 1983.[1] Plaintiff filed a memorandum in opposition to such motion on October 21, 1983. Oral argument on the pending motion for summary judgment was held on November 18, 1983 in South Bend, Indiana.

## II.

Summary judgment is appropriate only where the court is satisfied that the moving party has met its burden of establishing that there exists no genuine issue with respect to any material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Thornton v. Evans*, 692 F.2d 1064, 1074 [7th Cir.1982]. Moreover, in judging whether the movant has met this burden, the court must view the evidence submitted by the movant in the light most favorable to the non-moving party. *Egger v. Phillips*, 710 F.2d 292, 296 [7th Cir.], *cert. denied*, —— U.S. ——, 104 S.Ct. 284, 78 L.Ed.2d 262 [1983]. With these considerations in mind, the court will now address the pending motions for summary judgment.

### A.

■ The court will examine first those issues of law pertaining to John C. White, Sr. The threshold issue presented by White in his motion for summary judgment is whether he is a proper party defendant. Federal jurisdiction in this case is predicated upon 15 U.S.C. § 1989, violation of federal odometer disclosure laws. White contends that as president of Economy Autos,

---

**1.** Defendants White and Economy Autos adopted the memorandum in support of defendant, Stanton Ray Riley's motion to dismiss with prejudice and alternative motion for summary judgment filed with this Court on August 29, 1983. [Stanton Ray Riley was doing business as Crown Motors and it was he who purportedly transferred the odometer statement to Economy Autos. Riley was dismissed from this action pursuant to an order entered by this Court on November 18, 1983 granting a motion for voluntary dismissal with prejudice submitted by the parties.] While some of the issues presented in the original memorandum were applicable to White, many were inapplicable to both White and Economy Autos, thus leaving this Court to its own devices in trying to determine the specific bases for the motion for summary judgment of the defendants.

he is not a transferor within the meaning of the statute. Thus, he argues, no liability can attach pursuant to the federal claim and, absent a basis for federal jurisdiction, the pendent state claims should also be dismissed.

15 U.S.C. § 1988 reads in pertinent part:

[a] Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

[1] Disclosure of the cumulative mileage registered on the odometer.

[2] Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

15 U.S.C.A. § 1988 [West 1982].

As the above statutory language makes plain, liability is imposed upon a transferor who fails to make the required disclosure to a transferee "in connection with the transfer of a motor vehicle." A transfer is defined by statute as a "change [in] ownership by purchase, gift or any other means." 15 U.S.C.A. § 1982[5]. In the implementing regulations, "transferor" is defined as "any person who transfers *his ownership* in a motor vehicle. . . ." [emphasis added] 49 C.F.R. § 580.3. Hence, no liability can attach to White since he never had any ownership interest in the car in issue. *See,* Affidavit of John C. White, Sr., filed September 9, 1983; Amended Affidavit of John C. White, Sr., filed on November 9, 1983. Irrespective of White's signature as seller, transferor, on the odometer statement transferred to plaintiff on January 17, 1980, the owner, and thus its transferor, was Economy Autos, Ltd. In accord with the weight of authority, this Court concludes that White, as president, general manager and agent of Economy Autos was not liable under 15 U.S.C. § 1989. *McGin-*

*ty v. Beranger Volkswagen, Inc.,* 633 F.2d 226, 229–30 [1st Cir.1980]; *Ryan v. Edwards,* 592 F.2d 756, 762 [4th Cir.1979]; *DuVal v. Midwest Auto City, Inc.,* 578 F.2d 721, 724 [8th Cir.1978]; *Bryant v. Thomas,* 461 F.Supp. 613, 618 [D.C.Neb. 1978]. Since no liability attaches to White under the statute, summary judgment is clearly appropriate with respect to the federal claim.

■■■ Plaintiff's complaint raises four pendent state-law claims based upon breach of warranty, statutory and common-law fraud. Since there is no justiciable federal-law claim to support such pendent state law claims, it is appropriate for this Court to dismiss the state-law claims for lack of jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 [1966]; *Lyznicki v. Board of Education,* 707 F.2d 949, 953 [7th Cir.1983]; *Warfield v. Adams,* 582 F.Supp. 111, 119 [S.D.Ind.1984]. Although considerations of economy, convenience and fairness may favor the exercise of jurisdiction, principles of comity and the desirability of "a surer-footed reading of applicable law" support the determination of state claims in state court. *Financial General Bankshares, Inc. v. Metzger,* 680 F.2d 768, 769 [D.C.Cir.1982]. Moreover, if the federal claims are resolved before trial, the district court may exercise its discretion to dismiss them without prejudice. *Id.* at 769.

The circumstances of this case dictate that the pendent claims be dismissed without prejudice. State claims predominate in plaintiff's complaint and Count II [breach of warranty] and Count III [violation of Deceptive Consumer Sales Act] allege statutory violations. Inasmuch as Counts II and III involve statutory interpretation, the compelling policy of letting state courts interpret the acts of state legislatures applies to this case. Therefore, summary judgment is granted in favor of defendant White on Count I and Counts II through V are dismissed without prejudice.

### B.

■ Economy Autos argues that this suit is time barred by the applicable statutes of limitation. Specifically, Economy Autos alleges that 1] the two-year statute of limitations as provided in 15 U.S.C. § 1989 has expired; and 2] the two [2] year statute of limitations as provided in I.C. 24–5–0.5–5(b) has expired. Plaintiff counters with the argument that Economy Autos fraudulently concealed the plaintiff's cause of action thereby estopping Economy Autos from asserting the statute of limitations.

This Court has addressed this issue of fraudulent concealment under Indiana law in *Tolen v. A.H. Robins Co., Inc.*, 570 F.Supp. 1146 [N.D.Ind.1983]. In *Tolen,* this Court summarized Indiana law on this issue as follows:

> While fraudulent concealment does toll the statute of limitations, Indiana law narrowly defines concealment. *Morgan v. Koch,* 419 F.2d 993, 998 [7th Cir.1969]. The concealment must be active and intentional; passive silence is insufficient to trigger the fraudulent concealment doctrine, absent allegations that the defendant was in a continuing fiduciary relationship with the plaintiff. *Pitts v. Unarco, Inc.,* 712 F.2d 276, 279 [7th Cir. 1983].
>
> The affirmative acts of concealment must be calculated to mislead and hinder the plaintiff from obtaining information by the use of ordinary diligence, or to prevent inquiry or elude investigation. *Forth v. Forth,* Ind.App., 409 N.E.2d 641, 645 [1980]. Further, there must be some trick or contrivance intended by the defrauder to exclude suspicion and prevent inquiry. *Forth, supra,* at 645. In addition, Indiana law requires a showing of reasonable care and due diligence on the part of the plaintiff. *Morgan v. Koch, supra,* at 999. He must have been ignorant of the fraud and have been unable to have discovered it by reasonable diligence. *Whitehouse v. Quinn* [Ind. App., 443 N.E.2d 332], *supra,* at 339.

*Tolen,* 570 F.Supp. at 1151–52. [Footnotes omitted].

Further, *Marcum v. Richmond Auto Parts Co.*, 149 Ind.App. 120, 270 N.E.2d 884 [1971] reemphasizes the broad sweep of activities that may be categorized as fraudulent concealment. The court, citing *Guy v. Schuldt et al.*, 236 Ind. 101, 107–08, 138 N.E.2d 891, 894–95 [1956] stated:

> Before the doctrine of estoppel may be used to bar the defendant's use of the statute of limitations, the fraud must be of such character as to prevent inquiry, or to elude investigation, or *to mislead the party who claims the cause of action.* [emphasis supplied]

*Marcum,* 149 Ind.App. at 124, 270 N.E. at 886.

In this case, the affidavit of Stanton Ray Riley, *see* Amended Affidavit of Stanton Ray Riley filed November 17, 1983, establishes the fact that the written odometer statement that Economy Autos purportedly received from Crown Motors is fraudulent for in his affidavit Riley states that he never transferred a written odometer statement to Economy Autos when he sold the Volkswagen. Whether the written odometer statement transferred by Economy Autos to plaintiff is a trick or artifice is a question of fact to be determined by a jury. Similarly, whether the use of the odometer statement did indeed mislead, hinder and prevent inquiry on the part of plaintiff and his attorneys and investigators is also a factual determination. That plaintiff did exhibit due diligence in pursuing his claim is well documented in the exhibits and affidavits filed in support of his memorandum of law in opposition to defendants' motion for summary judgment. Clearly the questions discussed above are not those which can be dealt with properly within the context of summary judgment and this Court will not attempt such a task.

Accordingly, it is the order of this Court that defendant, John C. White, Sr.'s motion for summary judgment be, and hereby is, GRANTED with respect to Count I of plaintiff's complaint; Counts II through V are DISMISSED WITHOUT PREJUDICE. It is further ordered that defendant, Economy Autos, Ltd.'s motion for summary judgment be, and hereby is, DENIED in its entirety. SO ORDERED.