**Paul BEDSWORTH, Plaintiff,**

v.

**G & J AUTOMOTIVE, INC., et al., Defendants.**

**No. 86–174C(6).**

United States District Court, E.D. Missouri.

Dec. 30, 1986.

Michael Ferry, John A. Russo, Legal Services of Eastern Missouri, Inc., Susan M. Alverson, St. Louis, Mo., for plaintiff.

James E. Hawk, Jr., Hawk & Mattingly, St. Louis, Mo., Paul E. Ground, Quinn, Ground & Banton, Manchester, Mo., for defendants.

## MEMORANDUM

GUNN, District Judge.

This case comes before the Court on the motion of defendant Chrysler Credit Corporation (Chrysler) for summary judgment on Counts I and II of plaintiff's complaint. Count I alleges a violation of the odometer disclosure requirements of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1988(a)(2).[1] Count II alleges a violation of the odometer disclosure requirements of the Missouri Odometer Law, § 407.536(1),[2] RSMo (Supp.1986). The remaining counts of plaintiff's complaint do not seek recovery from Chrysler.

The Court has considered the pleadings, the affidavits and the exhibits submitted by the parties and concludes that on the basis of undisputed facts of record defendant Chrysler is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.Pro. Plaintiff could prove no set of facts that would support an inference of intent to defraud on the part of Chrysler. Proof of such intent is required of a plaintiff seeking to recover damages under the civil action provisions of both the federal and the Missouri statutes, 15 U.S.C. § 1989(a);[3]

---

1. 15 U.S.C. § 1988 provides:
    (a) Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:
    (1) Disclosure of the cumulative mileage registered on the odometer;
    (2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

2. Section 407.536, RSMo provides:
    Any person transferring ownership of a motor vehicle previously titled in this or any other state shall do so by assignment of title and shall place the mileage registered on the odometer at the time of transfer above the signature of the transferor. The notarized signature of the transferor below the mileage shall constitute an affidavit of mileage. If the true mileage is known to the transferor to be different from the number of miles shown on the odometer or the true mileage is unknown, an affidavit from the transferor shall accompany the assignment of title which shall contain all facts known by the transferor concerning the true mileage of the motor vehicle. That affidavit shall become a part of the permanent record of the motor vehicle with the Missouri department of revenue. The department of revenue shall place on all new titles issued after September 28, 1977, a box titled "mileage at the time of transfer".

3. 15 U.S.C. § 1989 provides:
    (a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable ...

§ 407.546, RSMo (Supp.1986);[4] therefore plaintiff's claims against Chrysler must fail as a matter of law.

Plaintiff purchased a 1980 Ford Pinto from defendant G & J Automotive, d/b/a St. Ann Dodge (St. Ann Dodge) in November 1984. The mileage disclosure statement given to plaintiff at the time of purchase indicated an odometer reading of 23,-737 miles, which St. Ann Dodge attested to the best of its knowledge to be an accurate representation of the actual mileage of the vehicle at the time of sale. A search of the title history of the Pinto reveals, however, that the 23,737 figure was at best an estimate of the vehicle's mileage:

In December 1983 St. Ann Dodge sold the Pinto to Timothy W. Burton. St. Ann Dodge thereafter assigned its security interest and all other rights to the automobile to defendant Chrysler. At the time of sale to Mr. Burton, St. Ann Dodge gave Mr. Burton a mileage disclosure statement that indicated that the odometer on the automobile was broken.

In May 1984 Chrysler repossessed the automobile and applied to the State of Missouri for a repossession title. In its application to the State, Chrysler listed the mileage on the Pinto as 23,689 miles. The figure represented the mileage shown on the odometer and was listed as an estimated figure in light of the prior title indication that the odometer had been broken. Both the application and the prior title were submitted to the State of Missouri.

On June 11, 1984 Chrysler received the repossession title from the State of Missouri. The title showed the mileage on the automobile as 23,689 actual miles. Chrysler transferred the automobile to St. Ann Dodge, which in turn sold it to plaintiff Paul Bedsworth.

Defendant Chrysler concedes that plaintiff received inaccurate information concerning the mileage on the Pinto and that inaccurate disclosures may give rise to civil liability for a violation of 15 U.S.C. § 1988 and § 407.536, RSMo. Chrysler asserts, however, that the facts of record cannot support a finding of the requisite "intent to defraud" underlying a right to recover under 15 U.S.C. § 1989 and § 407.546, RSMo. Chrysler maintains that the inaccurate disclosure is attributable to a clerical error on the part of the State of Missouri and that its filing with the state of an accurate odometer disclosure statement conclusively disproves any inference of intent to defraud on its part. The Court agrees.

In reaching this conclusion the Court is mindful that summary judgment is rarely appropriate on the issue of intent, which is a peculiarly factual inquiry resolution of which ordinarily awaits full evidentiary development. *See,* e.g. *Poller v. Columbia Broadcast System,* 368 U.S. 464, 472–3, 82 S.Ct. 486, 490–1, 7 L.Ed.2d 458 (1962); *White Motor Co. v. United States,* 372 U.S. 253, 259, 83 S.Ct. 696, 699, 9 L.Ed.2d 738 (1963). The Court, however, is equally mindful of the benefit of summary judgment when the record permits a complete evaluation of the issue and demonstrates clearly that "no showing of the requisite intent can be made." *Pepp v. Superior Pontiac GMC, Inc.,* 412 F.Supp. 1053, 1056 (E.D.La.1976). Defendant Chrysler filed accurate information with the State of Missouri. This Court is unable to conceive of any facts not presently before it that might support an inference of intent to defraud in light of this prior forthright disclosure on the part of Chrysler.

The cases cited by plaintiff in opposition to defendant's motion are inapposite. Those cases involved either the actual turnback of odometers by defendants, *Bryant v. Thomas,* 461 F.Supp. 613 (D.Nebr.1978); *Duval v. Midwest Auto City,* 425 F.Supp. 1381 (D.Nebr.1977), aff'd, 578 F.2d 721 (8th Cir.1978); actual knowledge by a defendant of the state of repair of an odometer, *Goeman v. Keating,* 498 F.Supp. 700 (D.S.D. 1980); or deliberate disregard of an obvi-

---

**4.** Section 407.546, RSMo provides:

  Any person who, with intent to defraud, violates any of the provisions of sections 407.- 511 to 407.556 shall be liable in civil damages to the purchaser or owner of the motor vehicle. . . .

ous alteration of a mileage statement, *Tusa v. Omaha Auto Auction, Inc.,* 712 F.2d 1248 (8th Cir.1983). The instant case presents no such glaring set of facts. Chrysler met its obligation of providing accurate information to the State of Missouri. Its liability cannot be grounded on a subsequent clerical error by the State.

### ORDER

Pursuant to the memorandum filed herein on this date,

IT IS HEREBY ORDERED that the motion of defendant Chrysler Credit Corporation for summary judgment on Counts I and II of plaintiff's complaint be and it is granted.